THE CADLE COMPANY,
Plaintiff–Appellee,

v.

Avrohom NEWHOUSE, Defendant–
Appellant,

Miriam Newhouse, Defendant.

No. 02–9373.

United States Court of Appeals,
Second Circuit.

Sept. 12, 2003.

Edward Rubin, New York, NY, for Appellant.

Stephen Vlock, Vlock & Associates, New York, NY, for Appellee.

Present: VAN GRAAFEILAND, CABRANES and B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of the District Court be and it hereby is **AFFIRMED.**

The defendant-appellant challenges the District Court's grant of summary judgment holding him liable under two provisions of the New York Debtor–Creditor Law that prohibit fraudulent conveyances, D.C.L. §§ 273, 276 (McKinney 2002).

Section 276 prohibits "actual fraud," providing that "[e]very conveyance made and every obligation incurred with actual intent ... to hinder, delay, or defraud either present or future creditors ... is fraudulent as to both present and future creditors." D.C.L. § 276.

■ The facts of this case establish that there was a conveyance of $1,008,631.14 from defendant Mrs. Miriam Newhouse to her son, defendant-appellant Avrohom Newhouse. Although "actual intent" to defraud is rarely sufficiently proven to warrant summary judgment, *Cadle Company v. Newhouse*, 2002 WL 1888716, at *7 (S.D.N.Y. Aug.16, 2002) (citing *Golden Budha Corp. v. Canadian Land Co. of America, N.V.*, 931 F.2d 196, 201–02 (2d Cir.1991)), in this case no genuine issue of fact exists as to whether the conveyance was made with "actual intent" to "hinder, delay, or defraud" creditors within the meaning of section 276.

Case law under section 276 identifies five circumstantial indicators of "actual intent" to defraud, termed "badges of fraud," *see RTC Mortgage Trust 1995–S/N1 v. Sopher*, 171 F.Supp.2d 192, 201 (S.D.N.Y.2001), all of which exist in the instant case: First, no consideration was offered by Avrohom Newhouse for the transfer of funds, and the funds came from his mother, a close relative who was indisputably insolvent. Moreover, as the Dis-

trict Court observed, there is no dispute that the "circumstances of the transfer were highly unusual," *Cadle Company*, 2002 WL 1888716, at *7, involving a one-day trip from New York to Chicago and a wire transfer into a newly created bank account in the defendant's name. Finally, Mrs. Newhouse retained control over the funds after conveying them to her son by means of a power of attorney to withdraw funds from the bank account. *See id.* at *5, *7 (applying *RTC Mortgage Trust*, 171 F.Supp.2d at 201). Given these strong indicators of fraudulent intent, the District Court correctly concluded that a reasonable jury could only find that this conveyance was made with "actual intent" to "hinder, delay or defraud" creditors for the purposes of section 276.

■ Section 273 prohibits constructively fraudulent conveyances, which include "[e]very conveyance made ... by a person who is ... insolvent ... without regard to his actual intent if the conveyance made ... without a fair consideration." D.C.L. § 273. The District Court correctly concluded that no genuine issue of fact exists as to the existence of the conveyance, the transferor's insolvency, or the lack of consideration paid by the defendant-appellant.

■ "Under New York law, a creditor may recover money damages against parties who participate in the fraudulent transfer and are either transferees of the assets or beneficiaries of the conveyance." *RTC Mortgage Trust*, 171 F.Supp.2d at 201–02. The District Court rightly recognized that defendant-appellant's argument that he was a "mere conduit" for the transferred funds, rather than a transferee, relies on case law that is factually and legally inapposite. *Cadle Company*, 2002 WL 1888716, at *6 & n. 6. Therefore, the defendant-appellant, as transferee of a conveyance that was both actually and constructively fraudulent under New York law, is liable under D.C.L. §§ 273, 276.

For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.